# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MARTINS OCHOLI,

        Plaintiff,

        -vs-                                    **Case No. 12-C-1069**

WAL-MART STORES EAST, LP,

        Defendant.

---

# DECISION AND ORDER

---

The defendant, Wal-Mart Stores East, LP,[1] moves to dismiss the Title VII complaint filed by *pro se* plaintiff Martins Ocholi on the grounds that it was filed more than 90 days after he received his right to sue letter. Even though complaints "typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Ocholi's right to sue letter was mailed on July 3, 2012, and he didn't file his complaint until 108 days later on October 19, 2012. The 90-day time period commences upon "receipt" of the letter. Ocholi's complaint does not address or explain when he received the letter. Even so, when the "date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from *three to seven* days after the letter was mailed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (emphasis added). Applying the

---

[1] Ocholi's complaint incorrectly names "Wal-Mart Stores, Inc." as the defendant. The Court has amended the caption accordingly.

"maximum number of days that courts have allowed under the presumption of receipt doctrine," *Id.* at 380, Ocholi's complaint is still untimely.

Upon its initial review of Ocholi's complaint, the Court perceived that it was untimely and ordered Ocholi to "show cause" as to why his complaint should not be dismissed. Ocholi submitted a letter which offered a vague explanation regarding the death of his daughter. Given Ocholi's pro se status, the Court will construe this letter as an amendment to his complaint. *See, e.g., Carter v. Cash*, No. 92-CV-5526 (JG), 1995 WL 347028, at *2 (E.D.N.Y. May 31, 1995). This amendment cannot save Ocholi's complaint from dismissal. *See, e.g., Gager v. Principi*, 300 F. App'x 30, 31 (2d Cir. 2008) ("Although [the pro se plaintiff] contends that she lost track of time and dates due to deaths in her family and her father's illness, these circumstances are insufficient to warrant equitable tolling . . ."); *Rock v. Mustich*, No. 08-CV-4976 CS/PED, 2009 WL 2391776, at *2 (S.D.N.Y. Aug. 3, 2009) ("Personal issues or other priorities do not present the extraordinary circumstances necessary to invoke the rare and exceptional doctrine of equitable tolling where there is no reason to believe that Plaintiff was prevented from proceeding"). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 851 (7th Cir. 2001).

Wal-Mart's motion to dismiss [ECF No. 14] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2013.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**